UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CASSANDRA BURNS, *et al.*,<br><br>Defendants. | Case No.  2:24-cv-2176-DC-JDP<br><br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Lincoln National Life Insurance Company's motion ("Lincoln National) brought this interpleader action to determine the proper recipient of a death benefit that is due and payable under a life insurance policy that plaintiff issued to the insured, Karen S. Burns (the "decedent"), before her death in 2023.  The complaint names three defendants: Cassandra Burns, Robert L. Burns II, and Robert Burns Foundation.[1]  Pending before the court is plaintiff's motion to dismiss, ECF No. 35,[2] and Cassandra's motion for default judgment, ECF No. 37.  For the reasons stated below, I recommend that plaintiff's motion be granted and Cassandra's be resolved after Robert and the Foundation have one final opportunity to appear.

---

[1] To avoid confusion, I refer to Cassandra Burns as "Cassandra" and Robert Burns as "Robert."

[2] This motion was referred to the undersigned.  ECF No. 43.

1

**Background**

On February 19, 2008, the decedent designated the Karen S. Burns Living Trust ("Trust") as the sole beneficiary and listed the decedent as trustee. ECF No. 1 ¶ 11. No subsequent beneficiary changes were submitted prior to the decedent's death in June 2023, at which time the annuity benefits became due. *Id.* ¶¶ 12-13. In early 2024, Lincoln received an order issued by the Solano County Superior Court that appointed Cassandra as the successor trustee of the Trust. *Id.* ¶ 18; ECF No. 1-8. Thereafter, Lincoln received competing claims to the annuity benefits from the three defendants, each claiming to be the successor trustee to the Trust. *Id.* ¶¶ 19-24.

Faced with the uncertainty of defendants' entitlement to the death benefit and to avoid exposure to multiple liability, on August 14, 2024, plaintiff filed the complaint in interpleader under 28 U.S.C. § 1335. ECF No. 1. Plaintiff asserts that it cannot determine factually or legally who is entitled to receive the death benefit. *Id.* The complaint seeks:

> (1) that defendants be ordered to interplead and settle amongst themselves their respective claims to the Annuity Benefit; (b) [t]hat Lincoln be permitted to pay the Annuity Benefit into the registry of the Court; (c) [t]hat [defendants] each be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the Annuity Benefit or any part thereof; (d) [t]hat Lincoln be found to have no further liability with respect to the Lincoln Annuity beyond depositing the Annuity Benefit into the registry of this Court; [and] (e) [t]hat Lincoln be discharged and dismissed with prejudice from this case.

*Id.* at 8.

Cassandra waived service, and, on November 25, 2024, she filed an answer. ECF No. 7. Robert and the Foundation, however, had not formally appeared. On October 24, 2024, plaintiff filed an affidavit of service, which is signed by Samantha Creech, a legal assistant for the firm representing plaintiff. According to Ms. Creech's declaration, on September 30, 2024, she mailed via certified mail the following documents: (1) Complaint for Interpleader; (2) Rule 7.1 Disclosure Statement; and (3) Summons in a Civil Case, to "Robert L. Burns, III, Individually [] And as Trustee for Robert Burns Foundation" at an address in Benicia, California. ECF No. 5. Included with the affidavit is a certified mail receipt reflecting that Robert received that complaint

and summons on October 5, 2024. *Id.* at 5-1 at 3.

On January 13, 2025, plaintiff filed a request for clerk's entry of Robert and the Foundation's default. ECF No. 12. In that filing, plaintiff states:

> [A]ccording to the Articles of Association of Robert Burns Foundation, the Foundation is an unincorporated association operating under the rules promulgated by the California Uniform Unincorporated Nonprofit Association Act, and Mr. Burns is its President. (*See* Dkt. No. 1, Ex. O at 1 and 5). Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure provides that an unincorporated association may be served "by delivering a copy of the summons and of the complaint to an officer." As such, under Rule 4(h)(1)(B), the Foundation may be served by delivering a copy to Mr. Burns, as its President and an officer.

*Id.* at 2.

On March 25, 2025, the Clerk of Court entered Robert and the Foundation's default, ECF No. 13, and on April 3, 2025, plaintiff filed a motion for default judgment against Robert and the Foundation and for entry of judgment in favor of Cassandra, ECF No. 14. After hearing the motion on calendar, I denied Cassandra's motion for failure to properly serve Robert and the Foundation. ECF No. 21.

Plaintiff then filed new proofs of service for Robert and the Foundation, ECF Nos. 22, 23, & 25, and corresponding requests for entry of default, ECF Nos. 24 & 28. On July 21, 2025, the Clerk entered default for the Foundation, ECF Nos. 26, and for Robert on August 28, 2025, ECF No. 32. However, on August 15, 2025, a Rashad Butts, the Foundation's President, filed a "Declaration in support of opposition to interpleader and default judgment and to confirm trustee authority." ECF No. 29. And later, after Cassandra filed a motion for default judgment, ECF No. 37, Robert filed a notice of interested person, ECF No. 38, a request for judicial notice, ECF No. 39, and a declaration, ECF No. 40.

### Motion to Dismiss

Under 28 U.S.C. § 1335, an interpleader action requires that (1) the plaintiff be a person or entity having in its possession $500 or more claimed by two or more adverse claimants of diverse citizenship and (2) that the plaintiff deposit the funds with the court. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). In such an action, "the 'stakeholder' of a sum of

3

money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). The purpose of interpleader is for the stakeholder to "protect itself against the problems posed by multiple claimants to a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)). Once an interpleader action has been initiated, the court may dismiss the stakeholder from the case and enjoin the claimants from separately suing the stakeholder over the same policy benefits. 28 U.S.C. § 2361.

Typically, an interpleader action entails a two-stage process. "'First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants.'" *Metro. Life Ins. Co. v. Billini*, 2007 WL 4209405 at *2 (E.D. Cal. 2007) (quoting *First Interstate Bank of Or. v. United States.*, 891 F. Supp. 543, 546 (D. Or. 1995)).

Plaintiff's motion to dismiss requires the court to resolve the first stage of this interpleader action. As an initial matter, no party has timely filed an opposition to plaintiff's motion. Even so, plaintiff is entitled to dismissal because it has complied with 28 U.S.C. § 1335. First, plaintiff has sufficiently alleged diversity jurisdiction: plaintiff is a resident of Indiana, and defendants are residents of California, and the amount in controversy exceeds $75,000. ECF No. 1 at ¶¶ 1-4. Second, there are adverse claimants to the decedent's Annuity Benefit. *Id.* ¶¶ 17-26 ("Cassandra Burns, Robert Burns, and the Foundation all claim to be the successor trustee to the Trust to whom the Annuity Benefit should be paid."). And finally, plaintiff has deposited the Annuity Benefit funds with the court. *See* ECF No. 34. Accordingly, plaintiff's motion to dismiss should be granted.

## Motion for Default Judgment

After Cassandra moved for default judgment against Robert and the Foundation, Robert filed three documents, some of which purport to challenge service. *See* ECF Nos. 38, 39, & 40. In one such document, Robert claims that plaintiff attempted to serve him at 1330 East 3rd Street, Benicia, California—a "defective" method of service, as the court has already found. ECF No. 39

4

at 1.  Robert states in another filing that he was not the individual served at 1330 East 3rd Street, and that it was in fact a tenant who was served.  ECF No. 40 at 2.

The court is disinclined to rule on Cassandra's motion at this time, and will provide Robert and the Foundation with one final opportunity to appear.[3]  The court also takes this opportunity to inform the parties that the Foundation, as an entity, must have an attorney to appear in this action.  *Her Oceans v. Cmty. Outreach Behav. Servs., Inc.*, 2021 WL 3172914, at *1 (D. Idaho July 27, 2021) ("The rule requiring corporations to have counsel rather than to proceed in litigation pro se applies even if the corporation is a non-profit corporation.").  Accordingly, the court will permit Robert and the Foundation fourteen days to file an answer(s) to the complaint.  Should Robert and the Foundation fail to do so, the court will rule on Cassandra's motion for default judgment.

Accordingly, it is hereby ORDERED that defendants Robert Burns and the Robert Burns Foundation file an answer(s) within fourteen days of this order's issuance.  The court will rule on the pending motion for default judgment thereafter.

Further, it is hereby RECOMMENDED that:

1.  Plaintiff's motion to dismiss, ECF No. 35, be GRANTED;

2.  Defendants shall be restrained from initiating any other action or proceeding in any state or federal court against plaintiff for recovery of the Annuity Benefit or any part thereof;

3.  Plaintiff has no further liability with respect to the Lincoln Annuity beyond depositing the Annuity Benefit into the registry of this court; and

4.  Plaintiff be discharged and dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge

---

[3] If the court were to rule on the motion, the court would likely find that service was proper the second time around.  The court declined to grant default judgment previously because plaintiff mailed copies to Robert and the Foundation, which is insufficient.  However, plaintiff has filed new proofs of service demonstrating personal service for both Robert and the Foundation, which would be proper.  Moreover, even if the court were to find that Robert and the Foundation were not properly served, the court will consider Robert's and the Foundation's actual notice when ruling on the motion for default judgment.  *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     July 6, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE