UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>CASSANDRA BURNS, *et al.*,<br>Defendants. | Case No. 2:24-cv-2176-DC-JDP<br><br>ORDER |

On July 6, 2026, I recommended that plaintiff Lincoln National Life Insurance Company's motion to dismiss be granted, and I deferred ruling on defendant Cassandra Burns' motion for default judgment against defendants Robert L. Burns II and the Robert Burns Foundation.[1] ECF No. 44.

As to Cassandra's[2] motion for default judgment, I explained to the parties that service upon both Burns and the Foundation appear to be proper and that Burns, who is not an attorney, cannot represent the Foundation. *Id.* at 4-5. However, before ruling on the motion, I provided Burns and the Foundation with fourteen days to file answers and for the Foundation to obtain

[1] Those recommendations remain pending before the district court.

[2] To avoid confusion, I refer to Cassandra Burns as "Cassandra" and Robert Burns as "Robert."

counsel. Burns filed an answer, ECF No. 46, but the Foundation has neither filed an answer nor appeared with counsel.

Instead, on July 20, 2026, Burns filed an "emergency administrative motion" seeking to defer entry of default judgment against the Foundation. ECF No. 47. In the motion, Burns states that the Foundation "is actively communicating with prospective counsel . . . and anticipates formalizing representation within 30 days." *Id.* at 2.

As I previously explained to the parties, Burns cannot represent the Foundation, which includes filing motions on the Foundation's behalf. ECF No. 44 at 5. The Foundation, as an entity, must have an attorney to appear. *See Her Oceans v. Cmty. Outreach Behav. Servs., Inc.*, 2021 WL 3172914, at *1 (D. Idaho July 27, 2021) ("The rule requiring corporations to have counsel rather than to proceed in litigation pro se applies even if the corporation is a non-profit corporation."). Accordingly, it is hereby ORDERED that the July 20, 2026 filing, ECF No. 47, is disregarded.[3]

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

[3] In a final effort to resolve this matter on the merits, the court will delay issuance of an order on Cassandra's motion for default until August 21, 2026. Should the Foundation fail to appear with counsel before that date, the court will adjudicate the motion for default judgment.