UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CASSANDRA BURNS, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-2176-DC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

This matter is before the court for defendant Cassandra Burn's renewed motion for default judgment against defendants Robert Burns and the Robert Burns Foundation.[1] While plaintiff Lincoln National Life Insurance Company has properly served Robert and the Foundation, present circumstances preclude the court from recommending that default judgment be entered.[2] As discussed below, the court will disregard the Foundation's improperly filed answer, ECF No. 29. Further, I recommend that the Clerk's entry of default for Robert, ECF No. 32, be set aside in light of his newly filed answer,[3] ECF No. 46, and that Cassandra's motion for default judgment,

[1] To avoid confusion, I refer to defendant Cassandra Burns as "Cassandra," defendant Robert Burns as "Robert," and defendant Robert Burns Foundation as "the Foundation."

[2] In my pending findings and recommendations, I recommend that the court grant plaintiff's motion to dismiss itself from this action. ECF No. 44.

[3] In light of Robert's pro se status, the court construes his answer as a motion to set aside the entry of default and finds that good causes warrants that his default be set aside. *See G & G*

ECF No. 37, be denied because (1) Robert has properly appeared and (2) default against only the Foundation could lead to inconsistent judgments.

**Background**

As discussed in prior orders, plaintiff brought this interpleader action to determine the proper recipient of a death benefit that is due and payable under a life insurance policy that plaintiff issued to the insured, Karen S. Burns. ECF No. 1. The complaint names three defendants: Cassandra Burns, Robert L. Burns II, and the Robert Burns Foundation. *Id.* Plaintiff brought a motion to dismiss itself from the action so that the claimants could litigate over the benefits. ECF No. 35. I have recommended that plaintiff's motion be granted. ECF No. 44.

In the same order, I reserved ruling on Cassandra's motion for default judgment against Robert and the Foundation. *Id.* at 4-5. Specifically, I noted that while service for Robert and the Foundation appeared to be proper, Robert and the Foundation should be afforded a final opportunity to appear. *Id.* at 5. I also informed the parties that the Foundation, as an entity, must have an attorney to appear in this action. *Id.* I ordered Robert and the Foundation to each file an answer within fourteen days.

Following issuance of those recommendations, Robert, in pro se, filed an answer. ECF No. 46. Robert also filed an "emergency administrative motion" on July 20, 2026, seeking to defer entry of default judgment against the Foundation. ECF No. 47. In the motion, Robert stated that the Foundation "is actively communicating with prospective counsel . . . and anticipates formalizing representation within 30 days." *Id.* at 2. I disregarded that filing as Robert filed it on behalf of the Foundation, who he cannot represent. ECF No. 51. In a final effort to provide the Foundation with an opportunity to litigate the merits of this case, I notified the parties that I would reserve its ruling on Cassandra's motion until at least August 21, 2026, so that the Foundation would have thirty days to obtain counsel. *Id.* at 2. No attorney has appeared for the Foundation to date. Accordingly, the court will disregard the Foundation's answer, ECF No. 29, as an attorney did not file it. *See* L.R. 183(a) ("A corporation or other entity may appear

---

*Closed Cir. Events, LLC v. Baaset*, No. 24-CV-00089-EMC, 2024 WL 2886052, at *2 (N.D. Cal. May 6, 2024).

only by an attorney."); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a long-standing rule that corporations and other unincorporated associations must appear in court through an attorney.") (quotations and citation omitted).

**Discussion**

According to Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). It is well-established that where defendants are jointly liable, or jointly and severally liable, and one defendant defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with respect to all defendants. *See Frow v. De La Vega*, 82 U.S. (15 Wall.) 55 (1872); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2008). The Court of Appeals has interpreted *Frow* to apply to defendants who have closely related defenses or are otherwise similarly situated, even if not jointly and severally liable. *Id.* at 532 (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).

Here, Cassandra, Robert, and the Foundation are similarly situated. Cassandra and Robert argue that they are entitled to the annuity benefits, and the complaint alleges that Cassandra, Robert, and the Foundation have alleged claims to the benefits. Therefore, judgment should not be entered against any defendant until the matter has been adjudicated with respect to all defendants.

Further, default judgment is not supported by a consideration of the relevant factors. Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The first *Eitel* factor—prejudice to plaintiff—is neutral here. Plaintiff is pending dismissal from this action, and Cassandra has identified no prejudice to plaintiff should her motion not be granted.[4] *See* ECF No. 37 at 8. The court is unsure what, if any, prejudice plaintiff would suffer if the court were to declare that Robert and/or the Foundation do not have any rights to the disputed benefits. Because the undersigned has already issued a recommendation on the pending interpleader issue, this is not a case where "declaring a defaulting claimant to have forfeited rights to the disputed funds is necessary for the litigation to proceed because otherwise there would be no adverse claimants before the court to litigate the claims." *See Colonial Life & Accident Ins. Co. v. Gillis*, No. C25-0350-KKE, 2025 WL 3003922, at *3 (W.D. Wash. Oct. 27, 2025).

---

[4] Indeed, Cassandra argues in her motion that "the first three elements identified in *Eitel* (Id.) are not relevant to the current facts and do not help determine whether all substantive requirements have been satisfied." ECF No. 37 at 8.

The merits of plaintiff's substantive claims and the sufficiency of the complaint—the second and third *Eitel* factors—weight in favor of not entering default. "The Ninth Circuit has suggested that [these] two *Eitel* factors . . . require that plaintiffs' allegations 'state a claim on which the plaintiff may recover.'" *Kloepping v. Fireman's Fund*, No. 94-cv-2684-TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). As previously addressed by the court, the complaint states a claim for interpleader relief against Robert and the Foundation. *See* ECF No. 41. However, the complaint does not explicitly allege *which* claimant is entitled to the benefits. Indeed, the complaint alleges that plaintiff "cannot determine the proper beneficiary/ies of the Annuity Benefit." ECF No. 1 ⁋ 32. And the complaint does not allege facts that would resolve the dispute one way or the other. Thus, the complaint does not allege that Robert and the Foundation have no rights to the disputed benefits.

The sum of money at stake in this action—the fourth *Eitel* factor—is neutral. *See W. Conf. of Teamsters Pension Plan v. Jennings*, No. C-10-03629 EDL, 2011 WL 2609858, at *3 (N.D. Cal. June 6, 2011) (finding that the fourth *Eitel* factor is neutral in an interpleader action).

The fifth *Eitel* factor does not weigh in favor of default. While there are no disputes as to plaintiff's claims for interpleader relief against claimants, disputes remain as to who can claim the remaining benefits.

The final factor considers the policy underlying the Federal Rules of Civil Procedure that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Since at least Robert has answered the complaint, it appears that there is a potential path to resolution other than default judgment.

Accordingly, consideration of the *Eitel* factors supports the finding default judgment is inappropriate as to Robert and the Foundation.

**Conclusion**

Accordingly, it is hereby ORDERED that the Foundations answer, ECF No. 29, is DISREGARDED.

Further, it is hereby RECOMMENDED that:

1. Cassandra's motion for default judgment, ECF No. 37, be DENIED.

2. The Clerk's entry of Robert's default, ECF No. 32, be SET ASIDE in light of his answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE