UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>CASSANDRA BURNS, et al.,<br>Defendants. | Case No. 2:24-cv-2176-DC-JDP (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 35, 44) |

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 6, 2026, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 44. Defendant Robert L. Burns II ("Robert")[1] filed objections on July 20, 2026, to which Plaintiff filed a response on August 3, 2026. ECF Nos. 45, 50. Defendant Cassandra did not file objections or a response to Defendant Robert's objections.

Defendant Robert asserts four objections, none of which provide a basis upon which to reject the findings and recommendations recommending that the Plaintiff insurance company in this interpleader action be discharged and dismissed because Plaintiff complied with the

[1] Because Defendants Cassandra Burns and Robert L. Burns II share a surname, the court will refer to each defendant using their first names.

requirements of the interpleader statute.

First, Defendant Robert objects to the recommendation that Plaintiff be discharged and dismissed with prejudice because, according to Defendant Robert, Plaintiff did not act in good faith as a disinterested stakeholder. ECF No. 45 at 2–3. Specifically, Defendant Robert transmitted a formal fraud warning to Plaintiff regarding the proper successor trustee to the decedent's trust in July 2024, namely that Defendant Cassandra was not the proper successor trustee because she was a suspect in the death of the decedent. *Id.* Defendant Robert's objection is not well-taken, however, because Plaintiff had already received a copy of a state court order appointing Cassandra as the successor trustee, and thus it was Plaintiff's receipt of Defendant Robert's fraud warning that led to Plaintiff filing this interpleader action, due to the competing claims to the annuity benefits due under the decedent's annuity.

Second, Defendant Robert objects that the magistrate judge did not require Plaintiff to provide a verified accounting of the statutory interest that had accrued on the annuity benefits before Plaintiff deposited the funds in the court's registry. ECF No. 45 at 4. This objection is also not well taken because, as Plaintiff emphasizes in its response, the statute Defendant Robert relies upon for his assertion that a verified accounting is required does not apply to the annuity type at issue in this case. ECF No. 50 at 5–6.

Third, Defendant Robert contends that the recommendation that Defendants be enjoined from bringing future claims against Plaintiff is premature, essentially because the pending criminal investigation and state court appeals render this court unable to determine the rightful recipient of the annuity funds at this time. ECF No. 45 at 5. This objection appears to be based on a misunderstanding of the purpose and process of interpleader actions, which, as the magistrate judge explained, provides for the insurance company to "protect itself against the problems posed by multiple claimants to a single fund" by depositing the funds at issue with the court, and "let[] the claimants litigate who is entitled to the money." ECF No. 44 at 3–4 (citations omitted).

Fourth, and relatedly, Defendant Robert objects because the magistrate judge did not address California's "slayer statute," ECF No. 45 at 6–7, but consideration of that statute and

whether Defendant Cassandra is entitled to the benefits of the annuity in this case is not required at this first stage of an interpleader action. As the magistrate judge correctly explained, Plaintiff's motion to dismiss only required the court to resolve the first stage of this interpleader action, not the second stage, which "involves an adjudication of the adverse claims of the defendant claimants." ECF No. 44 at 4 (citation omitted)

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed July 6, 2026, ECF No. 44, are ADOPTED;
2. Plaintiff's motion to dismiss, ECF No. 35, is GRANTED;
3. Defendants are restrained from initiating any other action or proceeding in any state or federal court against Plaintiff for recovery of the Annuity Benefit or any part thereof;
4. Plaintiff has no further liability with respect to the Lincoln Annuity beyond depositing the Annuity Benefit into the registry of this court;
5. Plaintiff is discharged and dismissed with prejudice; and
6. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Dena Coggins
United States District Judge